UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

       Plaintiff,

vs.                                                      Case No.  3:13-cv-658-J-39MCR

EAGLE SIGNS, LLC, a Florida Limited
Liability Company, GEORGE P. MCCREDIE,
and JEFFREY MCCREDIE,

       Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Second Amended and Renewed Motion to Strike Eagle Signs, LLC's Answer and Affirmative Defenses (Doc. 19) filed January 6, 2014.

### I.    BACKGROUND

On June 10, 2013, Plaintiff filed a Complaint for Declaratory Judgment against all defendants.  (Doc. 1).  On September 30, 2013, Defendant Eagle Signs, by way of the managing member George McCredie, filed an Answer and Affirmative Defenses.  (Doc. 10).  On October 3, 2013, Plaintiff filed a Motion to Strike Answer to Complaint (Doc. 12) stating that because Eagle Signs, LLC is a corporation it must be represented by counsel and cannot appear pro se.

On October 16, 2013, the Court entered an Order denying without prejudice Plaintiff's Motion for Final Declaratory Judgment (Doc. 11) and Plaintiff's Motion to

Strike Eagle Signs LLC's Answer and Affirmative Defenses (Doc. 12).  The Court confirmed "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).  The Court also cited Local Rule 2.03(d) which states "[a] corporation may appear and be heard only through counsel and admitted to practice in the Court . . . ."  Therefore, the Court directed Defendant Eagle Signs, LLC to either obtain counsel or file a motion with the Court seeking to waive the requirements of Local Rule 2.03(d) explaining why it is necessary that it represent itself and how it intends to represent itself no later than November 15, 2013.  (Doc. 14).

On November 19, 2013, Plaintiff filed an Amended and Renewed Motion to Strike Eagle Signs, LLC's Answer and Affirmative Defenses (Doc. 16) stating Defendant Eagle Signs had not obtained counsel or filed a motion with the Court seeking to waive the requirements of Local Rule 2.03(d).  The Court acknowledges there is no record of Defendant Eagle Signs, LLC obtaining counsel or filed motions in response to the October 16, 3013 Order.  The Court then entered an Order to Show Cause (Doc. 17) requiring Defendant Eagle Signs, LLC show cause on or before December 11, 2013 as to why sanctions should not be imposed for failure to comply with the Court's October 16, 2013 Order.  The Court cautioned Defendant Eagle Signs, LLC that failure to respond by December 11, 2013 may result in the Answer and Affirmative Defenses filed by George McCredie being stricken and a Clerks default being entered.

On January 6, 2013, Plaintiff filed a Second Amended and Renewed Motion to Strike Eagle Signs, LLC's Answer and Affirmative Defenses.  (Doc. 19).  To date,

Defendant has not obtained counsel or filed any motion with the Court seeking to waive the requirements of Local Rule 2.03(d).

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Second Amended and Renewed Motion to Strike Eagle Signs, LLC's Answer and Affirmative Defenses (Doc. 19) is **GRANTED.**

2. The Clerk is directed to strike Defendant Eagle Signs, LLC's Answer and Affirmative Defenses (Doc. 10).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 9th day of January, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

George McCredie
6453 Beach Blvd
Jacksonville, FL 32216