**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SOUTHERN-OWNERS INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

vs.                                                             Case No: 3:13-cv-658-J-39MCR

EAGLE SIGNS, LLC, a Florida
Limited Liability Company, GEORGE
P. MCCREDIE, and JEFFREY
MCCREDIE,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant Jeffrey McCredie's Motion to Compel Discovery (Doc. 31), filed February 14, 2014. Plaintiff Southern-Owners Insurance Company filed a response in opposition on February 28, 2014 (Doc. 34).

On June 4, 2012, Defendant Jeffrey McCredie filed a lawsuit against Eagle Signs, LLC and George McCredie in Florida state court seeking damages arising out of an accident that occurred while Jeffrey McCredie was performing work for Eagle Signs. Eagle Signs is insured under a Commercial General Liability policy issued by Southern-Owners. Southern-Owners retained independent legal counsel to defend Eagle Signs under a reservation of rights. Southern-Owners then initiated the instant action, in which it seeks a declaration that it does not owe a duty to defend Eagle Signs, George McCredie or any other insured in the underlying lawsuit based on the Policy's "Employer's Liability" exclusion, which excludes coverage for bodily injury to an "employee." Southern-Owners

contends Defendant Jeffrey McCredie was an "employee" of Eagle Signs and, therefore, the exclusion applies. Defendant Jeffrey McCredie contends he was an independent contractor for Eagle Signs, not an employee and, therefore, the exclusion does not apply.

As part of its investigation of the claims against its insured and coverage issues, Southern-Owners took the Examination Under Oath ("EUO") of George McCredie on August 31, 2012 and October 17, 2012. In the instant motion, Defendant requests the Court compel Plaintiff to provide copies of George McCredie's EUO. Defendant argues the information contained in the EUO is relevant to establish the details of the employment relationship between Eagle Signs and Defendant. In response, Plaintiff asserts the EUO is part of its claim file and is therefore protected from disclosure on the bases of attorney-client privilege and the work product doctrine.

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See id.*

As an initial matter, the Court addresses the parties' arguments regarding the timeliness of Plaintiff's assertion of privilege. Defendant argues Plaintiff's objections to producing the EUO are untimely and therefore waived. Defendant served his First Request to Produce on November 26, 2013. By agreement of the parties, Defendant's responses were due January 3, 2014. On that date, Plaintiff served responses, in which it asserted documents contained in the claims file were privileged but nonetheless identified the EUO as a responsive document that was in the possession of Defendant's

counsel. After being alerted to this "inadvertent error" via a letter from Defendant's counsel, Plaintiff served amended responses and a privilege log in which it asserted the EUO was protected from disclosure by attorney-client privilege and the work product doctrine. The amended responses and privilege log were served on January 10, 2014, one week after the original responses were due and promptly after Plaintiff's counsel was notified of the unintended disclosure. Under the circumstances, the Court finds Plaintiff's assertion of privilege was timely made and not waived. Accordingly, the Court next considers whether the EUO is protected from disclosure.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385 (1947)). Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

Plaintiff has cited several Florida state court cases for the proposition that materials prepared by an insurance company in the course of investigating claims against its insured are protected from disclosure by attorney-client privilege and the work product doctrine. Because the Court finds the applicability of the attorney-client privilege to be dispositive of this issue, it does not address the parties' arguments with respect to the work product doctrine.[1]

The attorney-client privilege protects from compelled disclosure confidential communications between a client and his attorney made for the purpose of obtaining or rendering legal advice. Whether documents or statements are protected by attorney-client privilege is a substantive issue governed by state law. *See GAB Bus. Serv., Inc. v. Syndicate*, 627, 809 F.2d 755, 762 (11th Cir. 1987). Florida Statutes section 90.502 provides, in relevant part:

> (1)(b) A "client is any person, . . . or other organization or entity who consults a lawyer with the purpose of obtaining legal services or who is rendered legal services by a lawyer.
>
> (c) A communication between a lawyer and client is "confidential" if it is not intended to be disclosed to third persons other than:
>
>> 1. Those to whom disclosure is in furtherance of the rendition of legal services to the client.
>>
>> 2. Those reasonably necessary for the transmission of the communication.

---

[1] The Court notes that federal law governs the applicability of the work product doctrine. *See Hickman v. Taylor*, 329 U.S. 495, 512 (1947).

Fla. Stat. § 90.502(1).

The Court finds the cases *Staton v. Allied Chain Link Fence Company*, 418 So.2d 404 (Fla. 2d. D.C.A. 1982), and *Reynolds v. State of Florida*, 963 So.2d 908 (Fla. 2d. D.C.A. 2007), to be instructive. In *Staton*, Kimberly Clark filed an action for damages for personal injuries sustained when she fell into a chain link fence. *Staton*, 418 So.2d at 405. The lawsuit named as defendants Steve Staton, the owner of the property upon which the fence was located; West American Insurance Company, Staton's insurer; and Allied Chain Link Fence, the company who installed the fence. *Id*. Allied Chain Link Fence sought to compel discovery of communications between Staton and a representative of West American regarding the fence's installation. *Id*. The District Court of Appeal for the Second District held the communications made by Staton to his insurer for use by the latter in connection with fulfilling its obligation to defend Staton were privileged. *Id*. "Under the law of Florida, such communications between an insured and its insurer made for the information and benefit of the attorney defending the insured fall within the attorney-client privilege and are not subject to discovery." *Id*. At 405-06 (citing *Vann v. State*, 85 So.2d 133 (Fla. 1956) and *Grand Union Co. v. Patrick*, 247 So.2d 474 (Fla. 3d D.C.A. 1971)).

Similarly, in *Reynolds*, the State of Florida sought the transcript of an EUO that Reynolds submitted to for her insurance company as part of its investigation of claims brought against her by an injured individual. *Reynolds*, 963 So.2d at 909. The court found Reynolds had submitted to the EUO in a cooperative effort between the insured and the insurer, notwithstanding the fact that the EUO served the dual purpose of (1) defending the insured and (2) determining whether the policy covered the incident giving

rise to the claims against the insured.  *Id.* At 911.  The court held the attorney-client privilege applied under the circumstances and the transcript could not be disclosed.  *Id.*

As in *Staton* and *Reynolds*, in this case a third party, Jeffrey McCredie, seeks to compel discovery of communications between an insured and his insurer that were made for the information and benefit of providing a defense to the insured in the lawsuit brought by Jeffrey McCredie.  The EUO occurred after Jeffrey McCredie initiated his lawsuit against Southern-Owners' insured, and it was taken for the dual purpose of investigating Jeffrey McCredie's claims and to determine whether the policy covers the incident giving rise to those claims.  Under Florida law, such communications between the insured and the insurer are privileged.  *See Vann v. State*, 85 So.2d 133, 138 (Fla. 1956) ("According to the weight of authority, a report or other communication made by an insured to his liability insurance company, concerning an event which may be made the basis of a claim against him covered by the policy, is a privileged communication, as being between attorney and client, if the policy requires the company to defend him through its attorney, and the communication is intended for the information or assistance of the attorney so defending him."); *Grand Union Co. v. Patrick*, 247 So.2d 474, 474 (Fla. 3d D.C.A. 1971) (holding an accident report made by insured to insurer was privileged and explaining "[t]he principle under which such reports by an insured to its insurer are privileged is that they are considered relevant to defense of the action and in effect are communications between attorney and client, being information which is to benefit the defense of the cause by counsel, passing through the insurer to counsel").

Accordingly, after due consideration, it is hereby

**ORDERED**

Defendant Jeffrey McCredie's Motion to Compel Discovery (Doc. 31) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of March, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record